Grant E. Watts
HOLMES WEDDLE & BARCOTT, P.C.
701 W. Eighth Avenue, Suite 700
Anchorage, Alaska 99501-3408
Telephone: (907) 274-0666
Facsimile: (907) 277-4657
Email: gwatts@hwb-law.com

Attorneys For Use-Plaintiff and Plaintiff Morris O. Johnson d/b/a Johnson Construction

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of MORRIS O. JOHNSON, d/b/a JOHNSON CONSTRUCTION and MORRIS O. JOHNSON, d/b/a JOHNSON CONSTRUCTION,<br><br>        Use-Plaintiff and Plaintiff,<br>vs.<br><br>GRANITE PETROLEUM, INC., A Washington Corporation and FIRST NATIONAL INSURANCE COMPANY OF AMERICA and its Payment Bond No. 6719081,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT**<br>1) MILLER ACT BOND ENFORCEMENT;<br>2) BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT TO ACT IN GOOD FAITH AND TO DEAL FAIRLY;<br>3) QUANTUM MERUIT, UNJUST ENRICHMENT, EQUITABLE ESTOPPEL |

Plaintiff United States of America, for the use and benefit of Morris O. Johnson d/b/a Johnson Construction (hereinafter also referred to as "Use-Plaintiff" and/or "Johnson Construction"), and Plaintiff Morris O. Johnson d/b/a Johnson Construction

(hereinafter also referred to as "Johnson Construction") hereby complain and assert claims against defendants as follows:

## PARTIES AND THE PROJECT

1.  Morris O. Johnson d/b/a Johnson Construction is a sole proprietorship with a principal place of business in Anchorage, Alaska. Johnson Construction, at all times relevant hereto, is and has been a licensed, registered, and bonded contractor in the State of Alaska and is in all ways qualified to maintain this action.

2.  Defendant Granite Petroleum, Inc. (hereinafter also referred to as "Granite") is a Washington corporation with a principal place of business in Spokane Washington, which is also registered as a foreign corporation in Alaska.

3.  Defendant First National Insurance Company of America (hereinafter also referred to as "First National") is a foreign insurance company authorized to do business in the State of Alaska, and which does business in the State of Alaska and elsewhere, including issuance of payment and performance bonds. First National, as surety, issued the payment bond no. 6719081 (hereinafter also referred to as "payment bond") reflected below. First National, as surety, and Granite, as principal, each bound themselves, and are jointly and severally liable on the basis of the payment bond, as reflected therein. The penal sum of the payment bond is $5,515,320.00

4. Johnson Construction furnished labor, equipment and related services, as well as office space and storage space to and at the request and direction of Granite with respect to and on the construction project known as the FTR269A Admin Fac & Vehicle Fuel Storage project (hereinafter "Project"), located on Joint Base Elmendorf-Richardson, Alaska. The Project was and/or is being constructed by the United States of America, through the U.S. Army Corps of Engineers, Alaska District, under contract No. W911KB-11-C-0008. Granite acted as the Prime Contractor on the Project.

## JURISDICTION AND VENUE

5. Johnson Construction realleges and incorporates by reference paragraphs 1 through 4 as if fully set forth herein.

6. This action arises, and the Court has jurisdiction, under 40 U.S.C. §3131, *et seq.*, commonly known as and referred to hereafter as the Miller Act. In accordance with the Miller Act, Granite, as principal, with First National, as surety, provided to the United States of America payment bond no. 6719081, jointly and severally guaranteeing full payment to persons and entities who supplied labor and/or equipment and/or materials in connection with the Project. Johnson Construction is within the class of persons protected by the payment bond.

7. More than ninety (90) days, but less than one (1) year, has expired from the last date upon which Johnson Construction furnished labor, equipment and related services with respect to and on the Project.

8. Subject matter jurisdiction is also proper in this Court pursuant to 28 U.S.C. §1332 in that Morris O. Johnson d/b/a Johnson Construction is a citizen of a different state than all defendants and the amount in controversy exceeds $75,000.

9. Johnson Construction also invokes the supplemental and/or ancillary jurisdiction of the Court pursuant to 28 U.S.C. §1367 as to any claims or causes of action which are not subject to the Miller Act, but which are derived from the common operative facts of the Miller Act claim stated in this Complaint.

10. Venue is proper in this Court because the Project at issue is located at or near Anchorage, Alaska, within this District. Venue is further appropriate in that 40 U.S.C. §3131, *et seq.*, provides that every suit instituted under this Section shall be brought in the United States District Court for any district in which the contract was performed and executed.

11. Venue is also proper in this District and division pursuant to 28 U.S.C. §1391 in that this jurisdictional district is where a substantial part of the acts, events and omissions giving rise to Johnson Construction's claims occurred and is further where the Project property that is the subject of the action is situated.

## INTRADISTRICT ASSIGNMENT

12. Pursuant to Local Rule 3.3, this action should be properly assigned to the Anchorage Division, because Joint Base Elmendorf-Richardson, Alaska, where a substantial part of the acts and or omissions which give rise to Johnson Construction's claims occurred and also where the Project property that is the subject of this action is located, is in or near Anchorage.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Breach of Contractual Agreements and Breach of Implied Covenant to Act in Good Faith and to Deal Fairly)

13. Johnson Construction realleges and incorporates by reference paragraphs 1 through 12 as if fully set forth herein.

14. Johnson Construction provided labor and equipment and related services and office space and shop space to Defendant Granite in connection with and on the Project. Johnson Construction has complied with all conditions precedent to his right of payment under the agreements and the payment bond, and the maintenance of this action.

15. Johnson Construction has performed all conditions, covenants, obligations, and promises required to be performed on its part under the agreements with

Defendant Granite, but has not been paid in full for its work (labor, equipment, services, office space and shop space).

16. Defendant Granite has breached the agreements by failing and refusing to timely pay Johnson Construction for the labor, equipment and related services performed and/or furnished in connection with and on the Project, and for failing to pay Plaintiff Johnson Construction for office space and shop space which Johnson Construction performed and/or furnished and/or provided in connection with and on the Project. Granite has also breached the implied covenant to act in good faith and to deal fairly, because Granite has acted in bad faith and dealt unfairly with Johnson Construction by failing to provide payment and by virtue of other breaches.

17. As a direct and proximate result of defendants' breaches, Plaintiff Johnson Construction has suffered damages in the amount of at least $135,725.00, together with interest thereon at the maximum legally permissible rate from a date according to proof at trial. Despite demand, Defendant Granite has failed to provide payment to Johnson Construction. Defendant Granite is liable to Johnson Construction in the sum of $135,725.00, plus interest thereon until paid.

## SECOND CAUSE OF ACTION
(Miller Act Claim – Liability Based On Payment Bond Obligations)

18. Johnson Construction realleges and incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19. In accordance with the terms of the payment bond and the Miller Act, Granite, as principal, and First National, as surety, are each jointly and severally liable to Johnson Construction in the principal amount of at least $135,725.00, plus appropriate prejudgment interest.

### THIRD CAUSE OF ACTION
**(Unjust Enrichment and Quantum Meruit and Equitable Estoppel)**

20. Johnson Construction realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. Alternatively, to the extent it is asserted or established that Johnson Construction provided and furnished labor, equipment and related services and office and storage space in connection with and on the Project at the request of Granite and such labor, equipment and related services and office space and storage space were received and accepted by Granite, which substantially improved and benefited the Project and for which Granite knew Johnson expected to be paid, Johnson Construction is entitled to recover those amounts. Granite induced Johnson Construction into providing labor and equipment and related services by requesting and directing Johnson Construction to perform and provide labor and equipment and related services, and by leading Johnson Construction to believe that Granite would pay Johnson Construction.

22. Defendants are indebted to Johnson Construction for the sum of at least $135,725.00, the reasonable value of such labor, equipment, and related services and

office space and storage space, together with interest thereon at the maximum legally permissible rate from a date according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America, for the use and benefit of Morris O. Johnson d/b/a Johnson Construction and Plaintiff Morris O. Johnson d/b/a Johnson Construction, each pray for judgment to be entered in favor of Use-Plaintiff and Plaintiff, jointly and severally against Defendant Granite Petroleum, Inc. and Defendant First National Insurance Company of America and the payment bond as follows:

1. For the principal sum of $135,725.00;

2. For interest at the maximum legal rate from a date according to proof;

3. For costs of suit incurred herein, including but not limited to attorney's fees to the extent allowed under applicable law; and

4. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 6th day of June, 2013, at Anchorage, Alaska.

        HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Use-plaintiff and Plaintiff Morris
O. Johnson d/b/a Johnson Construction

By: /s/ Grant E. Watts
701 W. Eighth Avenue, Suite 700
Anchorage, Alaska 99501-3408
Phone: (907) 274-0666
Fax: (907) 277-4657
Email: gwatts@hwb-law.com
Alaska Bar No. 8609090